Parker C. J.
afterward drew up the opinion of the Court. A new trial is granted in this case, on account of a misdirection of the judge in his charge to the jury. Notwithstanding there was no legal assignment of the mortgage deed by the admunis *509 trators of Haven junior to Valentine as guardian to the children of Haven junior, there was, by the delivery of the deed and the note collateral to it, with a power of attorney to enable him to enforce the payment of the debt, an equitable interest in Valentine, which could not be defeated by any fraudulent transaction between the plaintiff and the surviving administrator. That the payment to that administrator, and his discharge of the mortgage on the record, were fraudulent against Valentine and his wards, cannot admit of a doubt, if Cutler-knew of the possession of the deed and note by Valentine, and the purposes for which they were placed in his hands ; and it was this knowledge which was proposed to be proved by the defendant; but permission to do it was refused by the judge, on the ground, that if Haven, the administrator, was not defrauded, the transaction was legal. But Valentine, the guardian, was the only person who could be defrauded. The money belonged to him tn trust for his wards, and the payment, if made to the administrator, should not have been made without notice to Valentine and his consent thereto. It is said that Valentine could not have received the money, and could not have discharged the mortgage. But we think that, holding the mortgage deed and the power of attorney, he might have received the debt and delivered up-the note and cancelled the mortgage. I
It is suggested that the power of attorney might not have been by deed, and was not recorded. But the very terms power of attorney import a deed,[1] unless the contrary is shown, and the knowledge of the plaintiff superseded the necessity of a registry.
Supposing the facts stated and offered to be proved, to be true, there was unquestionably collusion between the plaintiff and Haven, the administrator, which prevents any legal effect of the transaction, to the prejudice of the heirs of Haven junior. If the payment and discharge are held valid, then a most gross fraud is practised, and if the heirs should seek their remedy against the administrator and his sureties, upon the bond, the sureties would suffer by that fraud. It is more conformable *510 therefore to justice, that the payment should be held void as against Valentine, and the mortgage still in force ; and then, if the money paid to the administrator is lost, the loss will fall upon him who ought to bear it. The defendant therefore would continue the lessee of Valentine, the entry upon him would be void, and so the action for rent would not be maintained.
A new trial is therefore granted.

 See 1 United States Dig. tit. Assignment ch. 111. & IV.; Southerin v. Mendum, 5 N. Hamp. R. 430.

 See Story’s Comm, on Agency, 3.